1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RICHARDO TURNER, | CASE NO. 1:11-cv-01670-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| SUSAN L. HUBBARD, et al., | (ECF No. 12) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

13
14
15
16
17
18
19

20  **I.      Background**

21          Plaintiff Anthony Richardo Turner ("Plaintiff") is a prisoner in the custody of the

22  California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro

23  se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On October 3, 2011,

24  Plaintiff filed his complaint.  On January 12, 2012, Plaintiff filed his first amended complaint.

25  On February 6, 2012, Plaintiff filed his second amended complaint.  ECF No. 12.  Pursuant to

26  Local Rule 220, each pleading must be complete in itself without reference to a prior pleading.

27  The Court construes Plaintiff's second amended complaint as the operative pleading.

28          The Court is required to screen complaints brought by prisoners seeking relief against a

1    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

2    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

3    legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

4    that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

5    § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

6    paid, the court shall dismiss the case at any time if the court determines that . . . the action or

7    appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

8    1915(e)(2)(B)(ii).

9         A complaint must contain "a short and plain statement of the claim showing that the

10   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

11   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12   conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

13   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

14   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting

15   *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are

16   not.  *Id.*

17   **II.    Summary of Second Amended Complaint**

18        Plaintiff is incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where

19   the events giving rise to this action occurred.  Plaintiff lists over forty Defendants in the caption

20   of his complaint.

21        Plaintiff alleges the following.  All of the named Defendants conspired to: 1) attempt to

22   murder Plaintiff in violation of California Penal Code sections 644/187; 2) false imprisonment in

23   violation of California Penal Code sections 1473(a) to 1485; 3) terrorist/death threats by the IGI;

24   4) planting illegal weapons in Plaintiff's mail as entrapment in violation of California Penal

25   Code sections 245, 7(1), and 4574-4575; 5) illegal wiretapping in violation of California Penal

26   Code section 7(1) and 18 U.S.C. §§ 2518; 6) illegal computer hacking to federal court

27   communication to change Plaintiff's custody for GBI purposes in violation of California Penal

28   Code sections 7(1), 4575, 644/187, and 245; and 7) contempt and obstruction of state and federal

court order regarding amnesty, pardon, and release from prison custody in violation of California Penal Code sections 166, 657, 96.5, and 7(1).  Plaintiff alleges that these violations occurred from October 10, 2011 to December 18, 2011.

Plaintiff contends that Defendants violated Plaintiff's right to be free from cruel and unusual punishment in violation of the Fourth, Eighth, Thirteenth, and Fourteenth Amendments, and California Constitution Article I, section 13.  Plaintiff also cites the Hobbs Act.  Plaintiff requests declaratory relief, and also pardon and release from prison.

**III.   Analysis**

**A.   Linkage Requirement**

Plaintiff names numerous Defendants, but fails to allege any facts in support of a claim against any Defendant.  Plaintiff must allege more than mere conclusory statements.  *Iqbal*, 556 U.S. at 678.  Plaintiff must allege facts which demonstrate 1) the Defendant acted under color of state law and 2) deprived Plaintiff of rights secured by the Constitution or federal statute.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

**B.   Criminal Statutes**

Plaintiff lists numerous state and federal criminal statutes that were violated by Defendants.  Plaintiff cannot state a cause of action for relief based on a criminal statute unless the criminal statute provides a private cause of action.  Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.  *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027-28 (9th Cir. 1999).  The listed federal statutes do not.  Section 1983 does not provide a cause of action for violations of state law.  *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001).

**C.   Eighth Amendment**

Plaintiff contends a violation of the Eighth Amendment.  The Court will provide the following legal standard that governs Eighth Amendment claims.  The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of

1    confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme

2    deprivations are required to make out a conditions of confinement claim, and only those

3    deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to

4    form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)

5    (citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect

6    inmates from physical abuse.  *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982).  In order to

7    state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to

8    support a claim that officials knew of and disregarded a substantial risk of serious harm to him.

9    *E.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th

10    Cir. 1998).  Mere negligence on the part of the official is not sufficient to establish liability, but

11    rather, the official's conduct must have been wanton.  *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d

12    at 1128.[1]

13    **D.  Release From Prison**

14        Plaintiff requests as relief release from prison.  "[A] state prisoner's § 1983 action is

15    barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no

16    matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

17    proceedings) - if success in that action would necessarily demonstrate the invalidity of

18    confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  This principle is

---

[1]Plaintiff also listed violations of the Fourth, Thirteenth, and Fourteenth Amendments.  Plaintiff alleges no facts which indicate a violation of the Fourth Amendment.  To the extent that Plaintiff complains of being wiretapped and observed, prisoners have no Fourth Amendment right of privacy in their cells.  *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984); *see also Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010) (recognizing a right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the continual surveillance of inmates and their cells required to ensure security and internal order).

Plaintiff fails to state a claim for violation of the Thirteenth Amendment.  Enforcement of the Thirteenth Amendment is accomplished by Congress.  It does not provide for a private cause of action.  *See Nattah v. Bush*, 770 F. Supp. 2d 193, 204 (D.D.C. 2011).

A claim regarding cruel and unusual punishment is properly brought as an Eighth Amendment claim, not a substantive due process claim.  *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996).  Thus, the Fourteenth Amendment is not applicable.

Plaintiff does not state a claim for violation of Article I, section 13 of the California Constitution, concerning unreasonable search and seizures.  Plaintiff fails to demonstrate that he has a private civil cause of action based on section 13.  *Wigfall v. City & County of San Francisco*, C 06-4968 VRW, 2007 WL 174434 (N.D. Cal. Jan. 22, 2007).

known as the favorable termination rule.  *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).

Plaintiff has not demonstrated that the underlying conviction was invalidated prior to filing this

suit.  If Plaintiff seeks release from prison, he must pursue such action by habeas corpus

proceedings.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

**IV.   Conclusion and Order**

Plaintiff fails to state any cognizable federal claims against any Defendants.  The Court

will provide Plaintiff with one opportunity to file a third amended complaint curing the

deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th

Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in

his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.

P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the

"[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

*Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

(9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567

(citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,

114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's complaint is dismissed for failure to state a claim, with leave to serve

and file a third amended complaint within **thirty (30) days** from the date of service of this order;

and

1     3.      If Plaintiff fails to comply with this order, the Court will dismiss this action for

2  failure to obey a court order and failure to state a claim.

3

4  IT IS SO ORDERED.

5     Dated:   **July 30, 2012**                          _____ /s/ *Dennis L. Beck*

6                                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28