# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RICHARDO TURNER,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN L. HUBBARD, et al.,<br><br>Defendants. | Case No. 1:11-cv-01670-DLB PC<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO STATE A CLAIM**<br><br>ECF No. 14 |

    Plaintiff Anthony Richardo Turner ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On July 31, 2012, the Court screened Plaintiff's second amended complaint and dismissed it for failure to state a claim, with leave to amend within thirty days. ECF No. 13. Plaintiff did not respond. On October 23, 2012, the Court issued an order to show cause why this action should not be dismissed for failure to obey a court order and failure to state a claim. ECF No. 14. Plaintiff was provided fourteen days in which to respond. As of the date of this order, Plaintiff has not responded or otherwise complied.

    Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). A court may dismiss an action, with prejudice, based on a party's failure to prosecute

1  an action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v.*
2  *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v.*
3  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
4  requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
5  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
6  address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
7  comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
8  failure to lack of prosecution and failure to comply with local rules).

9  In determining whether to dismiss an action for lack of prosecution, failure to obey a court
10 order, or failure to comply with local rules, the court must consider several factors: (1) the public's
11 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
12 of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
13 (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at
14 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

15 In the instant case, the Court finds that the public's interest in expeditiously resolving this
16 litigation and the Court's interest in managing the docket weigh in favor of dismissal  The third
17 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
18 injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air*
19 *West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of
20 cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.
21 Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal
22 satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833
23 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order expressly stated: "If Plaintiff fails
24 to show cause or otherwise timely respond, the Court will dismiss this action . . . for failure to obey a
25 court order and failure to state a claim." Thus, Plaintiff had adequate warning that dismissal would
26 result from his noncompliance with the Court's order.

27 //
28 //

1 | Accordingly, it is HEREBY ORDERED that

2 | 1. This action is DISMISSED for failure to obey the Court's October 23, 2012 Order
3 | and for failure to state a claim; and
4 | 2. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **November 21, 2012**              /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE

3