# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

        Plaintiff

    v.

SUSAN L. HUBBARD, et al.,

        Defendants.

CASE No. 1:11-cv-01670-DLB (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

(ECF No. 17)

    Plaintiff Anthony R. Turner ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed on October 3, 2011. (ECF No. 1.) On November 21, 2012, the Court issued an order dismissing this action for failure to obey a court order and for failure to state and closed this action. (ECF No. 15.) On August 26, 2013, Plaintiff filed a motion to amend his complaint and to receive a copy of his original complaint. (ECF No. 17.) The Court construes Plaintiff's motion as a motion for reconsideration.

    Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. Local Rule 230(j) requires

Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

Plaintiff does not present newly discovered evidence, clear error, or an intervening change in the law. To the extent that Plaintiff believes he is in imminent danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. *E.g., In re Estevez*, 83 Cal.Rptr.3d 479, 491 (Cal. Ct. App. 2008). Accordingly,

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **September 29, 2013**              /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE